IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00181 REB-JMC

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARLOS COLLINS, JR.

Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**James M. Candelaria, United States Magistrate Judge.**

This matter is before the Court on Defendant's Motion To Suppress docket #43. Pursuant to 28 U.S.C. §636(b)(1) and D.C. Colo.L.Civ.R. 72.1(C)(3), the Motion has been referred to this Court for recommendation [docket # 49]. The Court has reviewed the relevant Motion, Plaintiff's Response, the entire case file, and the applicable law and is sufficiently advised in the premises.

For the reasons that follow, the Court **RECOMMENDS** Defendant's Motion to Suppress be **GRANTED**.

I. History

On March 17, 2021, Southern Ute Police Department received a phone call from Rachel Mike. Ms. Mike alleged that her boyfriend, the Defendant, had hit her. Ms. Mike provided her address and a description of the Defendant indicating that he was about 5' 5", wearing all black, and standing on the back porch. She further stated, "I'm fine".

1

When Southern Ute Police Officers ("SUPD") arrived, they found Defendant outside the residence on a porch attached to the home. SUPD officer Chee approached Defendant, identified herself as a police officer, and ordered Defendant to put his hands up and turn around. Defendant complied. Officer Chee then placed Defendant in handcuffs stating she was putting Defendant into "investigative detention". Officer Chee then walked Defendant over to her police cruiser and had Defendant get into the back of the cruiser while handcuffed. While standing in the doorway of the cruiser, Officer Chee began asking Defendant questions.[1] At no time after handcuffing Defendant did Officer Chee advise Defendant of his right to remain silent or afford Defendant advisement of any other constitutional rights per *Miranda*.

II. Legal Standard

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV. The Tenth Circuit has recognized that "whether an individual is subject to a lawful investigative detention within the meaning of the Fourth Amendment does not necessarily answer the separate question of whether a suspect is in custody for purposes of *Miranda*." *United States v. Revels*, 510 F.3d 1269. 1274 (10Th Cir. 2007). A suspect is in custody for *Miranda* purposes when the "suspect's freedom of action is curtailed to a 'degree associated with formal arrest.'" *Id.* at 1273 (quoting *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984)). *Miranda's* "in custody" requirement is measured objectively, the proper inquiry being whether a "reasonable person in the suspect's position would have understood his situation as the

---

[1] The history of events cited in this section are provided by Defendant in his Motion to Suppress and paraphrased by this Court. The Government did not refute Defendant's characterization of the history of events in its Response to Defendant's Motion to Suppress and neither party has provided this Court with the body cam video referred to in Defendant's Motion to Suppress.

2

functional equivalent of formal arrest." *United States v. Hudson*, 210 F.3d 1184, 1190 (10th Cir. 2000).

### III.  Analysis

Defendant asserts he was in custody the moment officer Chee placed handcuffs on him and led Defendant to her police cruiser and placed him in the back seat. The Government, in its Response to Defendant's Motion to Suppress Statements, does not dispute the Defendant's assertion that he was "in custody" once handcuffed. The Government further concedes that the questions asked by officer Chee which resulted in statements and answers by Defendant, constituted "custodial interrogation" and that Defendant was not *Mirandized* at any time before such interrogation. The Fifth Amendment's Self-Incrimination Clause bars the prosecution from using compelled testimony in its case-in-chief. U.S. Const. Amend. V, *See Oregon v. Elstad*, 470 U.S. 298, 304 (1985).

The Government, in its concession not to use any statements Defendant made to officer Chee in its case-in-chief, nonetheless, reserves its right to use Defendant's statements to impeach Defendant if he decides to testify. The "prosecution is still permitted to use statements taken in violation of Miranda for impeachment purposes on cross examination." *United States v. Pettigrew*, 468 F.3d 626, 635 (10th Cir. 2006) (*citing Harris v. New York*, 401 U.S. 222 (1971).

Defendant also raises the issue that the statements he made to officer Chee and seeks to have suppressed were also the product of a Fourth Amendment violation independently warranting suppression.

Evidence obtained in violation of the Fourth Amendment and inadmissible in the prosecution's case-in-chief may be used to impeach a defendant's direct testimony. *United States v. Leon*, 468 U.S. 1250 (1984), *Walder v. United States*, 347 U.S. 62 (1954), *see also United States v. Havens*,

446 U.S. 620, 627-28 (1980) (evidence inadmissible in the prosecution's case in chief or otherwise as substantive evidence of guilt may be used to impeach statements made by defendant in response to "proper cross-examination reasonably suggested by the defendant's direct examination.").

Since the Government concedes a Fifth Amendment violation and agrees not to use any of Defendant's statements to officer Chee in its case-and-chief, this Court need not determine whether a Fourth Amendment violation occurred given the Government may still use the statements for impeachment purposes under a Fourth Amendment analysis.

## IV.   Conclusion

As set forth above, the Court **RECOMMENDS** the Defendant's Motion to Suppress all statements made to officer Chee by defendant be **GRANTED**. Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).

DONE AND DATED this 28th day of April, 2022.

BY THE COURT:

James M. Candelaria
U.S. Magistrate Judge